# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LIQUI-BOX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19 cv 4069 |
| ) | |
| SCHOLLE IPN CORPORATION, ) | Honorable Rebecca R. Pallmeyer |
| SCHOLLE IPN PACKAGING, INC., ) | |
| and KEVIN BERGENTHUN, ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CLAIMS ON PATENT INFRINGEMENT (COUNT 1) AND CIVIL CONSPIRACY (COUNT 9)

George J. Tzanetopoulos
Maria A. Boelen
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
(312) 416-6000
gtzanetopoulos@bakerlaw.com
mboelen@bakerlaw.com

Wade Malone
Mark S. VanderBroek
Lloyd Farr
Peter Munk
NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street, N.W., Suite 1700
Atlanta, Georgia 30363
(404) 332-6000
wade.malone@nelsonmullins.com
mark.vanderbroek@nelsonmullins.com
lloyd.farr@nelsonmullins.com
peter.munk@nelsonmullins.com
*Admitted pro hac vice*

Ashley B. Summer
NELSON MULLINS RILEY &
SCARBOROUGH LLP
280 Park Avenue, 15th Floor West
New York, New York 10017
(646) 428-2600
ashley.summer@nelsonmullins.com
*Admitted pro hac vice*

*Attorneys for Plaintiff*
*Liqui-Box Corporation*

## BACKGROUND

Liqui-Box Corporation ("Liqui-Box") is a leader in fitment technology for liquid packaging solutions. First Am. Compl. ("Complaint" or "Compl.") (Dkt. No. 24) ¶¶ 1, 16. Liqui-Box developed and patented a beverage bag fitment that was interchangeable with different types of connectors, and it obtained U.S. Patent No. 7,628,299 (the "'299 Patent") for that invention. *Id.* ¶¶ 19-22, 24. Kevin Bergenthun, as a former employee of Liqui-Box, had unique access to and knowledge of Liqui-Box's proprietary information and trade secrets, including Liqui-Box's technical information and sales, customer, and financial information. *Id.* ¶¶ 2, 33-39.

After leaving Liqui-Box, Mr. Bergenthun was hired by one or both of the Scholle Defendants, who compete with Liqui-Box, for the purpose of using his knowledge of Liqui-Box's patented technology and confidential information and trade secrets to help Scholle "catch up" to Liqui-Box's fitments and to capitalize on his prior relationship with and confidential knowledge about Liqui-Box's customers. *Id.* ¶¶ 43-46, 52. Prior to hiring Bergenthun, Scholle had no fitment products competing with Liqui-Box's two primary beverage fitment products. *Id.* ¶¶ 50-51. After Mr. Bergenthun's hiring, Scholle developed and launched what it touts as the first "universal" fitment, purportedly compatible with various connectors, which competes with Liqui-Box's patented and proprietary fitments. *Id.* ¶¶ 53-64.[1] Given Defendants' disregard of Liqui-Box's rights as set forth in the Complaint, this action was commenced.[2]

Defendants' Motion to Dismiss ("Motion" or "Mot.") (Dkt. No. 27) seeks dismissal of Liqui-Box's patent infringement and civil conspiracy claims under Rule 12(b)(6). But Liqui-Box

---

[1] The facts herein are drawn from the pleadings. Defendants' unsupported reference to facts outside of the pleadings is improper, should not be considered, and warrants no response. Although Defendants Motion to Dismiss suggests that the Scholle Defendants had filed patent applications having claims "covering" the product accused of infringement in this litigation before hiring Mr. Bergenthun (Dkt. No. 27 at 1, n. 1), Defendants fail to establish that any such application actually <u>disclosed</u> the accused product, which was launched more than two years after Mr. Bergenthun was hired.

[2] The First Amended Complaint added false advertising and deceptive trade practices claims but did not modify the patent infringement allegations.

has sufficiently pleaded the Scholle Defendants' infringement of the '299 Patent, and Defendants' urging to the contrary seeks to ignore Liqui-Box's factual allegations and prematurely present claim construction arguments that are improper for resolution at the pleading stage. Further, the intra-corporate conspiracy doctrine does not bar Liqui-Box's conspiracy claims for the reasons discussed below.

## ARGUMENT

A. **Liqui-Box Has Adequately Pled Its Patent Infringement Claim**

1. **The First Amended Complaint Adequately Pleads Patent Infringement**

Liqui-Box's Complaint surpasses the threshold pleading standard and states a plausible claim for patent infringement. Following Supreme Court precedent, the Federal Circuit Court of Appeals has held that "[t]o survive a motion to dismiss under Rule 12(b)(6) a complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1376 (Fed. Cir. 2017) (citation omitted). "A plaintiff meets this requirement if it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There is, however, no requirement for plaintiff to prove its case at the pleading stage. *Id.* at 1379. Rather, the complaint is required only to place defendant on notice of what actually is accused of infringement. *Id.* (applying Seventh Circuit law and reversing dismissal on pleadings).

Particularly with regard to patent claims directed to mechanical inventions, the Federal Circuit has held to be sufficient a pleading that identified the accused product and provided photographs but otherwise merely and generically alleged that the accused product included "each and every element of at least one claim of [each asserted patent]." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1257-58, 1260 (Fed. Cir. 2018) (applying Eleventh Circuit

law). Despite no identification of where each of those patented elements were located in the accused product, the Federal Circuit found the pleading sufficient. *Id.* at 1260.

Applying the applicable standard, Liqui-Box's Complaint contains sufficient factual allegations that, properly accepted as true, state a claim for relief that is plausible on its face. The Complaint identifies the patent, at least one patent claim that is infringed, and the accused product. Compl. ¶¶ 24, 27, 53, 73. The Complaint further includes a detailed claim chart with photographs of the accused fitment with identifiers to identify the accused product's structures that correspond to each limitation of claim 1 of the '299 Patent. *Id.* ¶ 73. In that regard, the Complaint provides factual detail for a claim to a mechanical device beyond what the Federal Circuit found satisfactory in *Disc Disease*.

Defendants only object to the Complaint's identification of structure for the '299 Patent's requirement of "two opposing threads of equal geometries for mating with an internal surface of the collar of the dispensing connector."[3] Mot. at 2-4. Contrary to Defendant's argument, the Complaint specifically identifies the two opposing threads in the accused product as Reference "C" and expressly alleges that "Scholle's Infringing Fitment has, either literally or by equivalents, two opposing threads of equal geometries for mating with an internal surface of the collar of the dispensing connector":

---

[3] While Defendants focus upon on the phrase "of equal geometries" throughout their brief, Liqui-Box presents the full phrase as it actually appears in the claim.

3



Compl. ¶ 73. Thus, taking Liqui-Box's factual allegations as true, the Complaint identifies structures that correspond to each limitation of claim 1 and thereby states a plausible claim for relief. Indeed, Defendants' motion to dismiss itself indicates that the Complaint succeeded in placing Defendants on notice of the structure that is accused of infringement. As explained below, Defendants simply dispute those factual allegations, which is not a basis for dismissal on the pleadings. Mot. at 3 (arguing the accused product's threads do not have equal geometries). Accordingly, the patent infringement claim is adequately pleaded, and the motion to dismiss must be denied.[4]

### 2. Defendants' Arguments on the Merits are Improper at the Pleading Stage

Defendants' ultimate argument appears to be that the threads of the accused fitment identified at "C" above and in the Complaint allegedly do not, in fact, have "equal geometries" and, in particular, do not have equal "lengths." *See* Mot. at 3 (asserting that "the Accused Product, in fact, has two threadforms of completely <u>different</u> geometries").[5] Defendants'

---

[4] Notably, the Court maintains procedures for providing detailed infringement conventions as the case proceeds on the merits. LPR 2.2 & 3.1. Such procedures would be superfluous if those details were required in the initial pleadings. Indeed, even a case cited by Defendants denied dismissal and explained that motions attacking the adequacy of a patent infringement allegations "are generally a waste of judicial resources for the parties and the court" given that the rules require "both sides to lay out their core contentions element-by-element early in the case." *Palmer Hamilton, LLC v. AmTab Mfg. Corp.*, 2016 WL 6775458, at *1 (W.D. Wis. Nov. 15, 2016).

[5] Defendants argue that the allegedly different "lengths" of their two threads is established by the Complaint's reference (Compl. ¶ 71) to the Scholle Defendants' U.S. Patent Application 14/327,820, in

argument, however, is merely a conclusory disagreement with Liqui-Box's well-pleaded allegation in the Complaint that fails to support dismissal.

Moreover, because the Complaint alleges that the threads of the accused fitment meet this claim limitation, Defendants' argument is simply a statement of disagreement about the proper meaning of the phrase "two opposing threads of equal geometries for mating with an internal surface of the collar of the dispensing connector." The existence of a claim construction dispute between the parties, however, has no bearing on the sufficiency of the underlying complaint.

This Court and the Federal Circuit have refused to resolve fact and claim construction disputes at the pleading stage. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1349 (Fed. Cir. 2018) (reversing dismissal and explaining that arguments over the patent term "flue gas" are "not suitable for resolution on a motion to dismiss"). For example, in *Lecat's Ventrioscope v. MT Tool & Mfg.*, 2017 WL 1362036, at *4 (N.D. Ill. Jan. 6, 2017), the Court recognized that "the Federal Circuit has cautioned against construing [patent] claim language to resolve, at the pleading stage, what are effectively non-infringement arguments" and that "'claim construction at the pleading stage – with no claim construction process undertaken' – is 'inappropriate.'" *Id.* (noting that "district courts have 'repeatedly held that if a court is required to construe the meaning of claim terms and perform infringement analysis in order to resolve a motion to dismiss . . . the motion should be denied, because this type of analysis is inappropriate at the pleading stage'") (citation omitted). In denying dismissal, the Court explained that "to accept Defendant's argument would require the Court to do exactly what the Federal Circuit has cautioned against: the Court would have to adopt, at the pleading stage, a construction of the

---

that the patent claims resulting from that application refers to threads having different "lengths." Mot. at 3-4. Defendants do not, however, establish what is meant by "length" in the context of their patent or how a difference in such "length" applies to the phrase "two opposing threads of equal geometries for mating with an internal surface of the collar of the dispensing connector" in the context of the '299 Patent claims.

5

[patent term]" and then infer that the accused products do not have such a feature. *Id. see also Pressure Specialist, Inc. v. Next Gen Mfg., Inc.*, 2018 WL 572834, *3 (N.D. Ill. Jan. 24, 2018) (refusing to construe the patent terminology or engage in a non-infringement argument on a motion to dismiss); *Midwest Innovative Prods., LLC v. Kinamor, Inc.*, 2017 WL 236571, at *4 (N.D. Ill. May 31, 2017) (explaining that "claim construction is generally inappropriate on a motion to dismiss").

Thus, Liqui-Box has pled a plausible patent infringement claim, and Defendants' position constitutes a premature, and indeed unidentified, claim construction presumption that cannot form a basis for dismissal at the pleading stage. *See IDB Ventures, LLC v. Charlotte Russe Holdings Inc.*, 2018 WL 5634231, at *6 (E.D. Tex. October 31, 2018) (Bryson, J. (Fed. Cir.) by designation) (denying dismissal and explaining that "defendants' argument depends on a claim construction issue that is not as clear-cut as [they] suggest and cannot be resolved based on the limited showing made in the motions to dismiss"). Instead, claim construction must take place on a full record as contemplated by the aforementioned precedent and under the procedures set forth in the Local Patent Rules. *See* LPR 4.1-4.3 (establishing claim construction procedures).

### 3. The Limited Cases Cited by Defendants Fail to Support Dismissal

The cases cited by Defendants do not compel any basis to deviate from the established practice of the Federal Circuit and this Court. For example, *Amgen Inc. v. Coherus BioSciences, Inc.*, 931 F.3d 1154 (Fed. Cir. 2019) does not even address issues of literal infringement as alleged by Liqui-Box. Instead, that case was limited to infringement under the doctrine of equivalents, was not decided on the adequacy of the pleading, and did not require the resolution of any claim construction issues, as Defendants propose here. *Id.* at 1159-61.

Defendants' other cited case, *Atlas IP, LLC v. City of Naperville*, is equally distinguishable. There, the complaint completely failed to identify any feature in the accused

product that satisfied a required feature of the asserted patent. 2016 WL 3907029, at *3 (N.D. Ill. July 19, 2016) (explaining the complete absence of any factual allegation concerning a requirement of the asserted patent). By contrast and as explained above, Liqui-Box's Complaint identifies the threads in the accused product and alleges that those threads are of "equal geometries for mating" with a connector. Compl. ¶ 73.

In sum, there is no credible dispute that Liqui-Box has identified the asserted patent, an infringed patent claim, the accused product, and (beyond the pleading requirements) the specific features of the accused device corresponding to each limitation of at least one infringed claim. While Defendants may disagree with those allegations or seek to argue a specific claim construction, Liqui-Box's allegations, when accepted as true under the applicable standard for assessing pleadings, nonetheless plausibly state a claim of patent infringement. *See, e.g.*, *Grecia v. True Value Co.*, 2018 WL 3770067, at *2 (N.D. Ill. Aug. 9, 2018) (explaining that a motion to dismiss "'tests the sufficiency of the complaint, not the merits of the case'") (citation omitted).

### 4. Defendants' Prosecution History Estoppel Arguments are Premature, Conclusory, and Incorrect.

Defendants argue that prosecution history estoppel precludes Liqui-Box from relying upon the doctrine of equivalents to establish that the claimed phrase "two opposing threads of equal geometries for mating with an internal surface of the collar of the dispensing connector"[6] is present in the accused device. Mot. at 2-3, 6-7, & n.3. While Defendants acknowledge that their prosecution history estoppel arguments do not provide grounds for dismissal, they appear to suggest that it is impossible for Liqui-Box to rely on the doctrine of equivalents, thus allegedly precluding Liqui-Box from amending the Complaint under the doctrine of equivalents. *Id.* at 6-7 & n.3 (conceding "the Court need not consider prosecution history estoppel for the central thrust

---

[6] Defendants only refer to the phrase "a threaded portion which comprises two opposing threads of equal geometries." Mot. at 2. Here, however, Liqui-Box provides the full clause.

7

of this motion").[7] Defendants' argument regarding prosecution history estoppel is, like their other arguments, both premature at the pleading stage and incorrect.[8]

Courts have often found that arguments relating to prosecution history estoppel are premature at the pleading stage. *See Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, 2018 WL 834583, at *6-7 (D. Del. Feb. 2, 2018) (explaining that a prosecution history estoppel argument was "premature," based on "cursory arguments," and "depend[ed] on factual questions … which may preclude a disposition of the issue not only on a motion to dismiss, but on summary judgment"); *Midwest Innovative Prods., LLC v. Kinamor, Inc.*, 2017 WL 2362571, at *2 (N.D. Ill. May 31, 2017) (refusing to consider patent prosecution history and explaining that a motion to dismiss "is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case"); *Mallinckrodt IP Unlimited Co. v. B. Braun Med., Inc.*, 2018 U.S. Dist. LEXIS 83187, at *4 (D. Del. May 17, 2018) (same). In addition, the Court's Local Patent Rules contemplate the disclosure of additional details on the doctrine of equivalents as the case proceeds on the merits, which would be informative on this issue. *See* LPR 2.2 & 3.2 (providing for detailed disclosures of doctrine of equivalents contentions).

Here, Defendants' position that prosecution history estoppel would necessarily bar Liqui-Box from asserting the doctrine of equivalents is premature because resolution of that issue will depend on the claim construction ultimately adopted by the Court. As set forth above, the Complaint asserts, and Liqui-Box maintains, that the accused fitment literally infringes at least

---

[7] In the event Defendant's suggestion is, instead, that the prosecution of the '299 Patent in some way precludes Liqui-Box from establishing a claim construction under which the accused fitment would infringe, Defendants' argument is for a desired (though unstated and unsupported) claim construction and is premature at the pleading stage, as set forth above.
[8] Regardless of the basis for Defendants' position, their conclusory argument in a footnote does not adequately raise the issue for resolution. *See, e.g., Harmon v. Gordon*, 712 F.3d 1044, 1053 (7th Cir. 2013) ("We have often said that a party can waive an argument by presenting it only in an undeveloped footnote.").

claim 1 of the '299 Patent. If this Court were to adopt a claim construction during the claim construction phase that precluded literal infringement, then the issue of infringement under the doctrine of equivalents may be reached but would turn on a comparison of the asserted equivalent, i.e. the difference between the structure of the accused fitment and the construed claim, with the construed claim. *See Great N. Corp. v. Henry Molded Prods. Inc.*, 94 F.3d 1569, 1574 (Fed. Cir. 1996) (finding that an accused product infringes under the doctrine of equivalents when the differences between it and the asserted patent claim are merely insubstantial). Thus, assessing the doctrine of equivalents will depend on claim construction, both to define the equivalent at issue and the claim scope to which it is to be compared. As set forth above, construing the claims at the pleading stage is not proper. [9]

While the merits need not, and should not, be reached, it bears mention that Defendants' prosecution history estoppel argument is incorrect and that Liqui-Box is ***not*** barred from relying on the doctrine of equivalents. Prosecution history estoppel is a limitation on the application of the doctrine of equivalents, prohibiting a patent owner from recapturing subject matter that was relinquished during prosecution. *Conoco, Inc. v. Energy & Evntl. Int'l, L.C.*, 460 F.3d 1349, 1363 (Fed. Cir. 2006). Amendment-based estoppel arises when "an amendment is made to secure the patent and the amendment narrows the patent's scope." *Festo Corp. v. Shoketsu Kinzoku Kabushiki Co.*, 535 U.S. 722, 736 (2002). If such a narrowing amendment was made, the court must determine if the amendment was made for a substantial reason related to patentability and the scope of equivalents that was surrendered. *Id.* at 736, 740. The patent owner may overcome a

---

[9] Defendants' reliance on *Amgen* does not compel otherwise. That case does not mandate that disputed issues of prosecution history *must* be resolved on the pleadings; it simply acknowledges that they may be resolved at that stage in clear and appropriate cases, which is not the scenario here when Defendants have not even submitted the patent prosecution history to the Court, have not raised the issue in favor of dismissal, have presented only conclusory arguments in a footnote, and will turn on an issue of claim construction. In *Amgen*, the parties only relevant dispute was infringement under the doctrine of equivalents, such that the case did not involve the issues that will have to be determined in this case.

9

presumption that estoppel applies to all territory between the original and amended claims by showing, e.g., that the reason for the amendment had only a tangential relation to the equivalent at issue. *Id*. at 740-41. Arguments made during prosecution may also limit the permissible scope of equivalents, *see, e.g., Conoco*, 460 F.3d at 1364, but only when the prosecution history evinces "a clear and unmistakable surrender of the subject matter," *Deering Precision Instruments, LLC v. Vector Distrib. Sys., Inc.*, 347 F.3d 1314, 1326 (Fed. Cir. 2003).

Defendants' argument that Liqui-Box "had to" include the "equal geometries" requirement to obtain its patent is objectively incorrect, and amendment-based estoppel is inapplicable. For example, the application that matured into the '299 Patent originally had seven claims. Claim 1 did not modify the "two opposing threads" limitation by "equal geometries." That modifier was, instead, in claim 2. The patent examiner had rejected both original claims 1 and 2 but had indicated claim 7 was allowable. As a result, Liqui-Box amended claim 1 to include the distinct requirement of claim 7. The amendment to include the language from claim 2, i.e. the "equal geometries" qualifier, appears to have been only because original claim 7 depended from claim 2. That is, the patent examiner had made clear that an amendment to include the "equal geometries" feature would *not* have led to allowance of the claim and grant of a patent, but only the additional feature of claim 7 would result in a patent being granted. Such "merely tangential" amendments do not give rise to prosecution history estoppel as Defendants suggest. *See, e.g.*, *Insituform Techs., Inc. v. CAT Contracting, Inc.*, 385 F.3d 1360, 1358 (Fed. Cir. 2004) (finding a claim amendment to call for a single vacuum cup tangential and allowing equivalents for multiple vacuum cups when the amendment was made to overcome prior art on the location of the cup and not the number of them); *Kyowa Hakka*, 2018 WL 834583, at *6-7 (refusing dismissal on such a disputed issue).

10

Furthermore, argument-based estoppel does not apply. In particular, the only alleged geometry difference Defendants assert is a difference in "length" between their two threads. Mot. at 2-3. However, Liqui-Box did not argue in obtaining its patent that threads having different lengths were distinguishable from the claims of the '299 Patent. Rather, Liqui-Box argued that the two features visible in a cross-sectional figure of a patent asserted by the examiner, which the examiner asserted to be "threads," were not threads at all and, alternatively, were not "of equal geometries." Whatever Defendants may mean by "length," the figure to which Liqui-Box referred in prosecution does not appear to identify any length, nor do Defendants identify such in their brief. Such an argument does not create a prosecution history estoppel over the length of the threads in Scholle's product. *See, e.g.*, *Conoco, Inc*, 460 F.3d at 1364 (explaining that even if argument-based surrender of a particular possible equivalent applies, it is not "a clear surrender of other possible equivalents").

Here, Liqui-Box has sufficiently pled its patent infringement claim and is not required to prove infringement or establish claim construction at the pleading stage. In addition, if any deficiency in pleading were found, Defendants are incorrect that any amendment would be futile. Mot. at 3-4, 6-8. As set forth above, Defendants' argument regarding literal infringement is incorrect because it is based upon a presumed, unsupported, unarticulated, and premature claim construction that the Court has not adopted. Thus, it would certainly be possible for Liqui-Box to amend the complaint to specifically address that issue (despite it not being required under the pleading standards and an issue properly raised on the merits by a summary judgment motion or at trial). In addition, as shown above, prosecution history estoppel does not apply in this case and Liqui-Box may rely upon the doctrine of equivalents. Thus, while no amendment to the pleadings is necessary, amendment, if deemed necessary, would not be futile.

11

**B.      Liqui-Box Has Stated a Claim for Civil Conspiracy (Count Nine).**

      **1.      The Intra-Corporate Conspiracy Doctrine Does Not Bar the Conspiracy Claim**

Scholle's reliance on the intra-corporate conspiracy doctrine—which provides that an employee cannot conspire with its employer because they are a single legal actor—is flawed for at least three reasons and fails to support dismissal.

*First*, Scholle admits that Bergenthun is employed *solely* by Defendant Scholle IPN Packaging, Inc., and not by Scholle IPN Corporation. Mot. at 1 (stating "[o]n July 7, 2016, Defendant Scholle IPN Packaging, Inc. hired Mr. Bergenthun"). Because Scholle IPN Corporation does not employ Bergenthun, these two defendants do not "constitute a single actor" as Scholle claims and dismissal is improper on this ground.[10]

*Second*, Liqui-Box's civil conspiracy claim falls within an exception to the intra-corporate conspiracy doctrine because Bergenthun, as an employee of Scholle IPN Packaging, Inc., could have been operating outside the scope of his employment for his own benefit by providing information to Scholle IPN Corporation, which is a separate legal entity. *See Bilut v. Northwestern Univ.*, 296 Ill. App. 3d 42, 49, 692 N.E.2d 1327, 1332 (1998) ("The exception to this rule is where the interests of an separately incorporated agent diverge from the interests of the corporate principal and the agent at the time of the conspiracy is acting beyond the scope of his authority or for his own benefit, rather than that of the principal."). Liqui-Box is entitled to discovery to determine the scope of Bergenthun's employment and his specific arrangement for disclosing trade secret and confidential information to one or both of the Scholle Defendants.

---

[10] Later in their Motion, Defendants state that "Bergenthun is, and at all times relevant hereto, has been an employee of Scholle," relying on a cite to the Complaint. Mot. at 10. Liqui-Box alleged that Bergenthun was employed by "one or both of the Scholle Defendants." Compl. ¶ 45. Scholle has now clarified that Bergenthun is employed only by Scholle IPN Packaging, Inc.

12

*Third*, the intra-corporate conspiracy doctrine does not apply to actions taken *before* Bergenthun's hiring on July 7, 2016. Mot. at 1; *see Mainline Info. Sys., Inc. v. Benkendorf*, 2010 WL 2011618, at *5 (N.D. Ill. May 20, 2010) (denying motion to dismiss conspiracy claim because the "allegations plausibly suggest the possibility that the individual Defendants committed acts in furtherance of the conspiracy prior to their employment with Forsythe, and were thus not acting as agents of Forsythe").[11] Here, Liqui-Box plausibly suggests the possibility of conspiratorial actions prior to Bergenthun accepting employment with Scholle IPN Packaging, Inc., including offering to provide Liqui-Box's trade secret and confidential information to competitors like Scholle to increase his value on the job market. Compl. ¶¶ 43-44. Upon information and belief, it was due to such pre-employment disclosures that Scholle IPN Packaging, Inc. hired Bergenthun. *See id.* ¶ 52. Discovery is required to determine the extent of Bergenthun and the Scholle Defendants' conspiratorial relationship before Bergenthun's hiring.

### 2. Liqui-Box's civil conspiracy claim is not duplicative

A conspiracy claim is "actionable if it is based on new facts or seeks to extend liability for the underlying tort to new defendants." *Doctor's Data, Inc. v. Barrett*, 170 F. Supp. 3d 1087, 1159 (N.D. Ill. 2016). Dismissal of a conspiracy claim naming a new defendant is unwarranted and premature. *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill.2d 460, 486, 693 N.E.2d 358, 371 (1998). Liqui-Box's civil conspiracy claim extends its breach of contract claim to each Scholle Defendant. Scholle correctly notes that "a party cannot be sued in tort for inducing the breach of his own contract," but fails to mention that a party "can be sued for conspiracy with a third person who has induced him to breach his contract resulting in actual damage." *Blivas v. Klein,* 5 Ill. App. 3d 280, 282 N.E.2d 210, 213 (1972). "Where the third party

---

[11] *See also La Preferida, Inc. v. La Victoria Foods, Inc.*, 1978 WL 1402, at *3 (N.D. Ill. Aug. 2, 1978) (holding that the allegation of "any overt conspiratorial act" prior to commencement of employment would have been sufficient to survive dismissal).

13

influences a contracting party to breach the contract, the innocent contracting party has a cause of action against both the other contracting party and a tort action against the third party." *Denari v. Genesis Ins. Co.*, 2002 WL 255505, at *1 (N.D. Ill. Feb. 22, 2002).[12]

That is exactly what Liqui-Box alleges occurred here, as Scholle induced and aided Bergenthun to disclose Liqui-Box's trade secret and confidential information in violation of his valid and enforceable Non-Disclosure Agreement with Liqui-Box. Compl. ¶¶ 138-140. For these reasons, Liqui-Box's claim for civil conspiracy is sufficiently pled.

**C.  Leave to Amend is Alternatively Warranted**

For at least the foregoing reasons, Liqui-Box submits that it has adequately pled claims for patent infringement and conspiracy, that it is not required to affirmatively prove such claims at the pleading stage, and that dismissal is improper. Should the Court disagree, Liqui-Box respectfully seeks leave to file a Second Amended Complaint that, based on the foregoing, would not be futile. *E.g.*, *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); Fed. R. Civ. P. 15(a)(2) (providing the "court should freely give leave [to amend] when justice so requires").

## CONCLUSION

For at least the foregoing reasons, Defendants' motion should be denied.

---

[12] *Accord Tucker Firm, LLC v. Alise*, 2012 WL 252790, at *3 (N.D. Ill. Jan. 25, 2012) ("While it is true that a party cannot be sued in tort for inducing the breach of his own contract, he can be sued for conspiracy with a third person who was induced him to breach his contract resulting in actual damage."); *First Fin. Bank, N.A. v. Bauknecht*, 71 F. Supp. 3d 819, 855 (C.D. Ill. 2016) ("A claim for a conspiracy to breach a contract depends upon one party breaching its contract and the other party inducing that party to breach.").

14

| | |
|---|---|
| Dated: September 24, 2019 | Respectfully submitted,<br><br>BAKER & HOSTETLER LLP<br><br>By: /s/ George J. Tzanetopoulos<br>George J. Tzanetopoulos<br>Maria A. Boelen<br>One North Wacker Drive, Suite 4500<br>Chicago, Illinois 60606<br>(312) 416-6200<br>gtzanetopoulos@bakerlaw.com<br>mboelen@bakerlaw.com<br><br>NELSON MULLINS RILEY &<br>SCARBOROUGH LLP<br>Wade Malone<br>Mark S. VanderBroek<br>Lloyd Farr<br>Peter Munk<br>201 17th Street, N.W., Suite 1700<br>Atlanta, Georgia 30363<br>(404) 332-6000<br>wade.malone@nelsonmullins.com<br>mark.vanderbroek@nelsonmullins.com<br>lloyd.farr@nelsonmullins.com<br>peter.munk@nelsonmullins.com<br>*Admitted pro hac vice*<br><br>Ashley B. Summer<br>280 Park Avenue, 15th Floor West<br>New York, New York 10017<br>(646) 428-2600<br>ashley.summer@nelsonmullins.com<br>*Admitted pro hac vice*<br><br>*Attorneys for Plaintiff*<br>*Liqui-Box Corporation* |

15

## **CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that on September 24, 2019, a true copy of the foregoing document was served on all parties of record via the United States District Court's electronic filing system.

/s/ George J. Tzanetopoulos
George J. Tzanetopoulos
